IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Confirmed Chapter 11 |
| | § | |
| UNIVERSITY GENERAL HEALTH SYSTEM, INC. *et al.*, | § | Case No. 15-31086 |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |
| MICHAEL D. WARNER, LIQUIDATING TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | Adversary Case No. _____ |
| vs. | § | |
| | § | |
| MEDHOST DIRECT, INC. F/K/A HMS DIRECT, INC. and PATIENT LOGIC | § | |
| | § | |
| Defendant. | § | |

**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 549, AND 550, AND TO DISALLOW ALL CLAIMS OF DEFENDANT PURSUANT TO 11 U.S.C. § 502(d)**

NOW COMES Michael D. Warner, the Liquidating Trustee (the "***Trustee***") for University General Health System, Inc., *et al.*,[1] (each a "***Debtor***" and collectively, the "***Debtors***") files this *Complaint to Avoid and Recover Preferential Transfers Pursuant to 11 U.S.C. §§ 547, 549, and 550, and to Disallow All Claims of Defendant Pursuant to 11 U.S.C. § 502(d)* (the "***Complaint***") against MEDHOST Direct, Inc. f/k/a HMS Direct, Inc. and Patient Logic (the "***Defendant***"), and pursuant to Federal Rule of Bankruptcy Procedure 7001, and 11 U.S.C. §§ 547, 549, and 550, states as follows:

---

[1] The Debtors include University Hospital Systems, LLP; University General Hospital, LP; UGHS Support Services, Inc.; UGHS Management Services, Inc.; UGHS Hospitals, Inc.; UGHS ER Services, Inc.; UGHS Autimis Coding, Inc.; UGHS Autimis Billing, Inc.; and University General Health System, Inc.

## JURISDICTION

1. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1334(b), and Bankruptcy Rule 7001 because the claims and causes of action asserted in this Complaint arise in and under Title 11 and relate to cases filed under Title 11 and pending in the United States Bankruptcy Court for the Southern District of Texas, jointly administered under Case No. 15-31086.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

3. The claims and causes of action set forth herein concern the determination, allowance, disallowance, and amount of claims under 11 U.S.C. §§ 502, 547, 549, and 550. Accordingly, this adversary proceeding is a "core" proceeding to be heard and determined by the Bankruptcy Court pursuant to 28 U.S.C. § 157(b)(2).

## BACKGROUND

4. On February 27, 2015 (the "**Petition Date**"), the Debtors commenced the above-styled and jointly administered case number under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Texas (the "**Court**").

5. On January 11, 2016, the Court entered an *Order Confirming Joint Chapter 11 Plan of Liquidation* [Doc. No. 799]. Pursuant to the Joint Chapter 11 Plan of Liquidation and a certain Liquidating Trust Agreement, Michael D. Warner was appointed Liquidating Trustee for the Debtors.

6. Prior to the Petition Date, a Debtor or Debtors transferred funds, property, or their interest in property, to or for the benefit of the Defendant by check, wire transfer, or its equivalent (each a "**Transfer**" and collectively, the "**Transfers**"). The known Transfers to the Defendant are listed on the attached **Exhibit A**.

7. During the course of this proceeding, the Trustee may acquire information, through discovery or otherwise, regarding additional Transfers made to the Defendant. By this Complaint, the Trustee seeks to avoid and recover all additional Transfers, whether or not specifically identified in this Complaint. The Trustee reserves the right to supplement and amend this Complaint to assert additional allegations regarding the Transfers and additional causes of action as to Defendant or others who may become defendants as immediate or mediate transferees or otherwise.

## PARTIES

8. Plaintiff is the duly appointed Trustee in the above styled Cases.

9. On information and belief, Defendant may be served through its registered agent, C T Corporation System, at 1999 Bryan St., Ste. 900, Dallas, TX 75201.

## CAUSES OF ACTION

### COUNT 1: AVOIDANCE OF PREFERENCE TRANSFERS - 11 U.S.C. § 547

10. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

11. During the 90 days prior to the Petition Date, which spans from November 29, 2014 through February 27, 2015 (the "**Preference Period**"), the Debtors continued to operate their business affairs and transferred funds to certain parties, including Defendant, either by checks, cashier checks, wire transfers or other equivalent.

12. Plaintiff has completed an analysis of all of the Debtors' readily available information and is seeking to avoid all the transfers of an interest of the Debtors' property made by one or more of the Debtors to Defendant within the Preference Period.

13. Plaintiff has determined that one or more of the Debtors made Transfers to Defendant during the Preference Period in an amount not less than $601,445.92. The presently known Transfers are identified with specificity in **Exhibit A**.

14. As noted above, during the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional Transfers made to Defendant during the Preference Period. Plaintiff reserves its right to amend this original Complaint as to include: (i) further information regarding the Transfers, (ii) additional Transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action (i.e., but not exclusively, 11 U.S.C. §542, §544, §545, and §549) (collectively, the "**Amendments**"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

15. Defendant was a creditor of the one or more of the Debtors at the time of the Transfers within the meaning of 11 U.S.C. § 101(10)(A). At the time of the Transfers, Defendant had a right to payment on account of an obligation owed to Defendant by one or more of the Debtors.

16. The Transfers were to or for the benefit of a creditor within the meaning of 11 U.S.C. §547(b)(1) because the Transfers either reduced or fully satisfied a debt then owed by one or more of the Debtors to Defendant. Accordingly, the Transfers were for, or on account of, antecedent debts owed by one or more of the Debtors before the Transfers were made.

17. The Debtors were insolvent at all times during the 90 days prior to the Petition Date. As a result of the Transfers, Defendant received more than it would have received if: (i) the Debtors' cases were under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payment of its debts under the provisions of the Bankruptcy Code.

18. In accordance with the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. § 547(b).

### COUNT II: RECOVERY OF POST PETITION TRANSFERS PURSUANT TO 11 U.S.C. § 549)

19. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

20. If the Debtors made a transfer to Defendant on account of obligations that arose before the Petition Date and that cleared the Debtors' bank accounts after the Petition Date, such transfer(s) were unauthorized post-petition transfers (the "Post Petition Transfers") and are avoidable under 11 U.S.C. § 549.

21. By this Complaint, Plaintiff seeks to avoid and recover all such Transfers, and reserves its rights to amend and supplement this Complaint to identify all such Transfers.

### COUNT III:  RECOVERY OF AVOIDED TRANSFERS - 11 U.S.C. § 550

22. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

23. Plaintiff is entitled to avoid the Transfers pursuant to 11 U.S.C. §§ 547(b) and 549. Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfers were made.

24. Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover all avoided Transfers from Defendant and, pursuant to Bankruptcy Rule 7054, interest thereon to the date of payment and all costs and expenses incurred in connection with this action.

### COUNT IV:  DISALLOWANCE OF ALL CLAIMS - 11 U.S.C. § 502(d) AND (j)

25. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

26. Defendant is the recipient of avoidable Transfers and, as a result, an entity from which property is recoverable under 11 U.S.C. § 550.

27. Defendant has not paid Plaintiff the amount of the avoidable Transfers, or turned over such property for which Defendant is liable under 11 U.S.C. § 550.

28. Pursuant to 11 U.S.C. § 502(d), all Claims of Defendant and/or its assignee, against the Debtors' chapter 11 estates or Plaintiff must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the avoidable Transfers, plus interest thereon and costs and expenses.

29. Pursuant to 11 U.S.C. § 502(j), all Claims of Defendant, and/or its assignee, against the Debtors' chapter 11 estates or Plaintiff previously allowed by the Debtors or the Plaintiff, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of all avoidable Transfers.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court grant it the following relief against Defendant:

As to Counts I through IV, that the Court enter a judgment against Defendant:

A. That all Transfers avoidable under 11 U.S.C. §§ 547 or 549 in the amount of $601,445.92 be avoided;

B. That all Transfers avoided pursuant to 11 U.S.C. §§ 547 or 549 be recovered by Plaintiff pursuant to 11 U.S.C. § 550;

C. Disallowing, in accordance with 11 U.S.C. § 502 (d), any Claims held by Defendant and/or its assignee until Defendant satisfies the judgment;

D. Disallowing, in accordance with 11 U.S.C. § 502 (j), any Claims held by Defendant and/or its assignee until Defendant satisfies the judgment;

E. Awarding pre-judgment interest at the maximum legal rate running from the date of each Transfer to the date of judgment herein;

F. Awarding post judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full, plus fees, costs, and expenses;

G. Requiring Defendant to pay forthwith the judgment amount awarded in favor of Plaintiff;

H. Granting Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted,

**KANE RUSSELL COLEMAN & LOGAN PC**

By: /s/ John J. Kane
    Joseph M. Coleman
    State Bar No. 0456610
    John J. Kane
    State Bar No. 24066794

3700 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
Telephone: (214) 777-4200
Telecopier: (214) 777-4299
E-mail: ecf@krcl.com

**ATTORNEYS FOR MICHAEL D. WARNER, LIQUIDATING TRUSTEE**