## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No. 15-31086** |
| UNIVERSITY GENERAL HEALTH SYSTEM, INC., *et al.*, | ) | |
| | ) | **Jointly Administered** |
| | ) | **Chapter 11** |
| Debtors. | ) | |

| | | |
|---|---|---|
| MICHAEL D. WARNER, | ) | |
| LIQUIDATING TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Adv. Pro. No. 17-03118** |
| | ) | |
| MEDHOST DIRECT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### ANSWER OF MEDHOST DIRECT, INC. TO COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 549, AND 550 AND TO DISALLOW ALL CLAIMS OF DEFENDANT PURSUANT TO 11 U.S.C. § 502(d)

Defendant Medhost Direct, Inc. ("Defendant"), by and through its undersigned counsel,

submits this Answer to the Complaint of Michael D. Warner, Liquidating Trustee ("Trustee" or

"Plaintiff") of University General Health System, Inc., *et al.* (each a "Debtor", and collectively,

the "Debtors"), in the above-referenced adversary proceeding.[1]  Defendant, in response to the

Complaint, denies each and every statement, allegation and thing contained in the Complaint

---

[1] The Debtors include University Hospital Systems, LLP; University General Hospital, LP; UGHS Support Services, Inc.; UGHS Management Services, Inc.; UGHS Hospitals, Inc.; UGHS ER Services, Inc.; UGHS Autimis Coding, Inc.; UGHS Autimis Billing, Inc.; and University General Health System, Inc.

except and to the extent specifically admitted or qualified below. Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Complaint.

## JURISDICTION

1.      Defendant admits the allegations contained in Paragraph 1 of the Complaint.

2.      Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3.      Paragraph 3 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendant admits only that Plaintiff purports to base its determination that this proceeding is a core proceeding on the statutes alleged and denies the remaining allegations contained in Paragraph 3.  To the extent the Complaint addresses non-core claims, Defendant does not consent to the entry of a final order by this Court for such claims.

## BACKGROUND

4.      Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5.      With respect to the averments contained in Paragraph 5 of the Complaint, which attempt to describe certain referenced documents, the documents speak for themselves and a response is not required.

6.      Defendant denies that it received or was the beneficiary of all Transfers described in Exhibit A to the Complaint.

7.      With respect to the averments contained in Paragraph 7 of the Complaint, which attempt to describe the Plaintiff's intent to avoid transfers and amend or supplement the Complaint, no response is required.  To the extent a response is required, Defendant admits only that Plaintiff purports to preserve the right to supplement or amend the Complaint.  Defendant reserves all rights, claims, and defenses with respect to any proposed supplement or amendment.

## PARTIES

8.      With respect to the averments contained in Paragraph 8 of the Complaint, Defendant admits that Plaintiff was appointed Liquidating Trustee under the Debtors' Joint Chapter 11 Plan of Liquidation.

9.      With respect to the averments contained in Paragraph 9 of the Complaint, Defendant admits that it has received service of the Complaint.

## CAUSES OF ACTION

### COUNT I: AVOIDANCE OF PREFERENCE TRANSFERS – 11 U.S.C. § 547

10.      Defendant incorporates all preceding paragraphs as if fully set forth herein.

11.      Defendant denies knowledge or information sufficient to form a belief in the truth of all the allegations of Paragraph 11 to the Complaint.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12.      Defendant denies knowledge or information sufficient to form a belief in the truth of all the allegations of Paragraph 12 of the Complaint.

13.      Defendant denies knowledge or information sufficient to form a belief in the truth of the allegations of Paragraph 13 and the referenced Exhibit A to the Complaint.

14.      With respect to the averments contained in Paragraph 14 of the Complaint, which attempt to describe the Plaintiff's intent to avoid transfers and amend or supplement the Complaint, no response is required.  To the extent a response is required, Defendant admits only that Plaintiff purports to preserve the right to supplement or amend the Complaint.  Defendant reserves all rights, claims, and defenses with respect to any proposed supplement or amendment.

3

15.     With respect to the averments contained in Paragraph 15 of the Complaint, Defendant admits that it was a creditor of one or more of the Debtors from time to time prior to the Petition Date.

16.     With respect to the averments contained in Paragraph 16 of the Complaint, Defendant admits that certain of the Transfers, but not all, were made for, or on account of debts owed by one or more of the Debtors to Defendant.

17.     Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.     Defendant denies the allegations contained in Paragraph 18 of the Complaint.

## COUNT II: RECOVERY OF POST PETITION TRANSFERS PURSUANT TO 11 U.S.C. § 549

19.     Defendant incorporates all preceding paragraphs as if fully set forth herein.

20.     Paragraph 20 of the Complaint states unsubstantiated hypotheticals and legal conclusions to which no response is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.     With respect to the averments contained in Paragraph 21 of the Complaint, which attempt to describe the Plaintiff's intention to avoid transfers and amend or supplement the Complaint, no responsive pleading is required.  To the extent a response is required, Defendant admits only that Plaintiff purports to preserve the right to supplement or amend the Complaint. Defendant reserves all rights, claims, and defenses with respect to any proposed supplement or amendment.

## COUNT III: RECOVERY OF AVOIDED TRANSFERS - 11 U.S.C. § 550

22.     Defendant incorporates all preceding paragraphs as if fully set forth herein.

1/4293874.2

23.     Paragraph 23 of the Complaint states a legal conclusion to which no response is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.     Paragraph 24 of the Complaint states a legal conclusion to which no response is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 24 of the Complaint.

## COUNT IV: DISALLOWANCE OF ALL CLAIMS - 11 U.S.C. § 502(d) AND (j)

25.     Defendant incorporates all preceding paragraphs as if fully set forth herein

26.     Paragraph 26 of the Complaint states a legal conclusion to which no response is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.     Paragraph 27 of the Complaint states a legal conclusion to which no response is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.     Paragraph 28 of the Complaint states a legal conclusion to which no response is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.     Paragraph 29 of the Complaint states a legal conclusion t to which no response is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 29 of the Complaint.

No responsive pleading is required to Plaintiff's prayer for relief in the section after Paragraph 29 of the Complaint, but to the extent an answer is required, Defendant denies that Plaintiff is entitled to any relief and demands strict proof thereof.

5

Unless specifically admitted in this Answer by Defendant, Defendant denies all remaining allegations in the Complaint.

As and for a separate defense to each of the claims for relief contained in the Complaint, Defendant hereby asserts the following affirmative defenses:

## First Affirmative Defense

The Complaint fails to state facts sufficient to constitute a claim or claims against Defendant upon which relief may be granted.

## Second Affirmative Defense

Plaintiff cannot prove all elements necessary to recover under 11 U.S.C. §§ 547, 549, or 550.

## Third Affirmative Defense

To the extent that Defendant received Transfers within ninety (90) days of the bankruptcy petition, such Transfers were intended by one or more of the Debtors and Defendant to be a contemporaneous exchange for new value given to one or more of the Debtors and were in fact substantially contemporaneous exchanges pursuant to 11 U.S.C. § 547(c)(1).

## Fourth Affirmative Defense

To the extent that Defendant received Transfers within ninety (90) days of the bankruptcy petition, such Transfers: (i) were in payment of debts incurred by one or more of the Debtors in the ordinary course of business or financial affairs of one or more of the Debtors and Defendant; (ii) were made in the ordinary course of business or financial affairs of one or more of the Debtors and Defendant; and (iii) are not subject to avoidance pursuant to 11 U.S.C. § 547(c)(2).

6

**Fifth Affirmative Defense**

To the extent that Defendant received Transfers within ninety (90) days of the bankruptcy petition, such Transfers: (i) were in payment of debts incurred by one or more of the Debtors in the ordinary course of business or financial affairs of one or more of the Debtors and Defendant; (ii) were made according to ordinary business terms; and (iii) are not subject to avoidance pursuant to 11 U.S.C. § 547(c)(2).

**Sixth Affirmative Defense**

To the extent that Defendant received Transfers within ninety (90) days of the bankruptcy petition, such Transfers were not transfers of an interest of any of the Debtors in property.  Without limitation to the foregoing, any property transferred to Defendant was held in express, constructive, equitable, or resulting trust by one or more of the Debtors for the benefit of Defendant.

**Seventh Affirmative Defense**

Defendant provided new value to one or more of the Debtors after one or more of the alleged Transfers were made to Defendant.  The new value provided to one or more of the Debtors was not secured by an otherwise avoidable security interest, and on account of which new value, one or more of the Debtors did not make an otherwise unavoidable transfer to or for the benefit of Defendant.  The new value given by Defendant to one or more of the Debtors should be set off against any Transfer made by the any of the Debtors to Defendant within ninety (90) days of the bankruptcy petition and not subject to avoidance pursuant to 11 U.S.C. § 547(c)(4).

**Eighth Affirmative Defense**

One or more of the Debtors was not insolvent within the meaning of 11 U.S.C. § 547(d) at the time of each of the alleged Transfers.

7

### Ninth Affirmative Defense

With respect to each of the alleged Transfers, Defendant did not receive more than it would have received if the case were a Chapter 7 case, the Transfer had not been made, and Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

### Tenth Affirmative Defense

Defendant was not an initial transferee of some or all of the Transfers from one or more of the Debtors and/or took some or all of the Transfers for value, in good faith, and without knowledge of the voidability of such Transfer.

### Eleventh Affirmative Defense

The deadline under the confirmed plan for filing claim objections passed before Plaintiff filed the Complaint. Without limitation, Plaintiff may not pursue disallowance of any claim filed by Defendant on any grounds. Plaintiff cannot show or prove cause for reconsideration of the allowance of any claim filed by Defendant.

### Twelfth Affirmative Defense

Plaintiff's claims are subject to setoff and/or recoupment.

### Thirteenth Affirmative Defense

Defendant took some or all of the Transfers in good faith and for value and is entitled to a lien or may retain any property transferred to Defendant.

### Fourteenth Affirmative Defense

Plaintiff is only entitled to a single satisfaction of the claims alleged in the Complaint.

1/4293874.2

## Fifteenth Affirmative Defense

Plaintiff's claims against Defendant were not preserved in the confirmed plan of liquidation.

## Sixteenth Affirmative Defense

Plaintiff's claims are barred by the doctrines of res judicata, claim preclusion, issue preclusion, equitable estoppel, and/or judicial estoppel.

Defendant expressly reserves any and all rights to amend, modify or supplement its pleadings, to, among other things, assert additional defenses that might be determined to exist during the course of discovery in this litigation.

WHEREFORE, Defendant prays as follows:

A.      that the Complaint be dismissed in its entirety with prejudice;

B.      that all costs be taxed against the Plaintiff; and

C.      for such other and further relief as this Court deems just and proper.


Dated: June 30, 2017

/s/ *Jay R. Bender*

Jay R. Bender (admitted *pro hac vice*)
BRADLEY ARANT BOULT
CUMMINGS LLP
1819 Fifth Avenue North
Birmingham, Alabama  35203
Phone: (205) 521-8000
Fax: (205) 521-8800
jbender@bradley.com

Attorney for Medhost Direct, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have effected service on all parties required to receive service of the foregoing by filing the same electronically with this Court and thereby effecting a transmission of a "Notice of Electronic Filing" to such parties, on this the 30th day of June, 2017.

/s/ *Jay R. Bender*
OF COUNSEL

1/4293874.2